ALITO, Circuit Judge,
concurring:
I join the opinion of the Court, but I add a few words to clarify the narrow point of disagreement between the majority and the dissent. As I understand the position of our dissenting colleague, she agrees (a) that a Chapter 7 consumer case may be dismissed for “bad faith” and (b) that, once a debtor’s good faith is appropriately put at issue, it is the burden of the debtor to produce evidence of good faith. I do not understand the dissent to argue that in this case the debtor produced evidence of good faith, and thus the only apparent point of disagreement concerns the question whether, on the particular facts of this case, the debtor’s good faith was sufficiently put at issue to require him to demonstrate good faith.
The dissent apparently believes that, in order to put Tamecki’s good faith at issue, it was incumbent upon the trustee to produce evidence that, among other things, there is no good reason for the unusual delay in the completion of the Tameckis’ divorce proceeding. See Dissenting Opinion at 210 (“[T]he trustee offered no evidence that put Tamecki’s good faith at issue. He only made bald allegations, without proffering any evidence about the timing of Tamecki’s still unconsummated divorce.... ”). But the trustee, who is obviously not a party to the divorce proceeding, is in a comparatively poor position to show the reason for the delay. The known facts about the divorce proceeding are sufficient to place upon the debtor the burden of explaining the reason for the delay, which has now reached seven years. It may be that there are entirely legitimate reasons for the delay. If so, it should have been easy for Tamecki to show what they were. But he made no effort to do so.
Under the particular circumstances of this case — which, contrary to the implication of the dissent, is not the average consumer bankruptcy case — the bankruptcy judge did not commit an abuse of discretion is dismissing the petition.